UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID M. TROTMAN,

                Plaintiff,

-against-

J. DOE, Prosecutor NY Supreme, et al.,

                Defendants.

1:24-CV-5409 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff David M. Trotman, who is currently held in the Otis Bantum Correctional Center on Rikers Island, brings this action *pro se*. He requests to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Another federal district court has recognized Plaintiff as barred, however, from filing any new federal civil action IFP while he is a prisoner. *See Trotman v. McCoy*, 9:22-CV-1269 (N.D.N.Y. Mar. 7, 2023). That court's above-cited decision and order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> [i]n no event shall a prisoner bring a civil action . . . [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

    Although Plaintiff has filed this new federal civil action seeking IFP status, his complaint does not show that he was under imminent danger of serious physical injury at the time that he filed his complaint.[1] Instead, Plaintiff asserts claims under 42 U.S.C. § 1983, seeking this Court's

---

[1] For the purposes of the exception to the Section 1915(g) filing bar, a danger "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009), is not an imminent one; rather, the danger must be one "existing at the time the complaint

intervention in his ongoing state-court criminal proceedings; he asks this Court for "[a] preliminary and permanent injunction ordering [the presiding state-court judge and prosecutor] to change venue or court section," and for "a declaration that the acts and omissions described [in his complaint] violated [his] rights under the Constitution and laws of the United States." (ECF 1, at 1.) Plaintiff is therefore barred, under Section 1915(g), from filing this action IFP as a prisoner.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and dismisses this action without prejudice, under the PLRA's "three-strikes" rule.[2] 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

[2] Plaintiff may commence a new federal civil action by paying the relevant fees. If Plaintiff does so, his complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights complaint from a prisoner if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the relevant fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including a "leave to file" requirement).

The Court directs the Clerk of Court to enter a judgment dismissing this action without prejudice for the reason set forth in this order.

SO ORDERED.

Dated:  September 23, 2024
        New York, New York

                                                      /s/ Laura Taylor Swain
                                                     LAURA TAYLOR SWAIN
                                                   Chief United States District Judge